were likely to know, is admissible, when the person making the declaration is dead. Eisenlord v. Clum, supra. And we do not understand that this rule is seriously questioned by the appellant. It insists, however, that, while hearsay evidence is admissible for the purpose of establishing birth of issue, a different rule should apply in establishing that a person died without issue. We think the rule is the same. Suppose that the contest here were between nieces or nephews; would not the declarations of the deceased be admissible? Manifestly so. No good reason can be suggested why they should not be. If such evidence is admissible to establish issue, then the converse of the proposition must be true. There is no difference between the two. The rule is just as applicable to the one case as to the other. If we are correct in this conclusion, then it follows that the judgment appealed from must be affirmed, because there was sufficient evidence to justify the jury in finding that Margaret Hunter never had sons by the names of Thomas or John, and that when she opened the accounts in question with the defendant bank such accounts were opened for her own benefit, and therefore, she having died intestate, the same belong to the plaintiff, as her representative.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

DEUBLE v. GRAND LODGE A. O. U. W. OF STATE OF NEW YORK.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

1. INSURANCE—BENEFICIARY ORDER—AMENDMENT OF LAWS.

An attempted amendment of a provision of the laws of an insurance order prescribing the manner in which amendments may be made to such laws, which amendment was not itself adopted in accordance with such provision, is invalid, and subsequent amendments to the laws adopted in pursuance of such amendment, but not in compliance with the original provision, are ineffectual to affect the rights of members or their beneficiaries under existing contracts.

2. SAME—AMENDMENT CONSTRUED.

An amendment to the laws of an insurance order, providing that any member who shall, after a specified date, have entered into the business of selling liquor, or who shall thereafter enter into such business, shall stand suspended from all rights in the beneficiary fund, and his certificate shall become void, does not in terms cover the case of a member who was previously engaged in such business and continued therein.

3. SAME—POWER TO FORFEIT MEMBERSHIP—CONTRACT RIGHTS.

A member of an insurance order, who was engaged in selling liquor when he became such member, and continued therein, as he had a right to do under the laws of the order, and paid all dues and assessments upon his certificate for six years, acquired rights under his contract of which neither he nor his beneficiary could be arbitrarily deprived by an amendment to the laws of the order declaring the certificates of all members engaged in such business void.

Appeal from trial term, Monroe county.

Action by Helena Deuble against the Grand Lodge of the Ancient Order of United Workmen of the State of New York. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before ADAMS, P. J., and SPRING, WILLIAMS, and HISCOCK, JJ.

William F. Lynn, for appellant.
Forsyth Bros., for respondent.

WILLIAMS, J. The judgment appealed from should be affirmed, with costs. The action was brought to recover upon a certificate issued upon the life of one John F. Deuble. The defense was that deceased had ceased to be a member before his death, by reason of being engaged in the sale of intoxicating liquors as a beverage, contrary to a law enacted while he was a member. The trial court held that the law upon which the defense was based was never legally enacted, and was not binding upon the deceased or his beneficiary. The certificate was issued January 13, 1893. There was then no restriction against engaging in the sale of liquors; and the deceased was then engaged in that business. He continued to be a member in good standing, certainly until May 12, 1899, and all this time was engaged in the sale of liquors. In 1898 the law upon which the defense is based is claimed to have been enacted. Thereafter, and May 12, 1899, the defendant suspended deceased under the amended law, and refused to receive further dues and assessments from him. He tendered all dues and assessments, however, and continued the business of selling liquors, until he died, July 24, 1899. It is not disputed that the laws were a part of the contract of insurance, and that any amendments thereto, made after the certificate was issued, were also binding upon the deceased as a member, unless they improperly diminished or entirely cut off his contract right. The claims are: (1) That the amendment in question was never legally enacted; (2) that the amendment did not cover the deceased's case; (3) that the amendment, if it covered his case, improperly diminished or entirely cut off his contract rights.

1. The claim that the amendment was never legally enacted appears to be well founded. This question is somewhat complicated by the fact that the provision as to the amendment of laws was itself attempted to be amended during the life of the certificate, and in this attempt the provisions as to amendments were not complied with. When the certificate was issued in 1893, article 10 of the laws provided, in effect, that the laws should not be amended unless the proposed amendment should be submitted in writing, signed by three past master workmen, and passed by a two-thirds vote of that and the succeeding session of the grand lodge. At the annual session of the grand lodge in 1895 an amendment was introduced, but not submitted in writing, signed by three past master workmen, nor passed by a two-thirds vote. At the annual session in 1896 another amendment of similar import, but in somewhat different language, was passed by a two-thirds vote, but this was not submitted in writing, signed by three past master workmen. At the annual session in 1897 the amendment voted upon in 1896 was again passed by a two-thirds vote, but it was not submitted in writing, and signed by three past master workmen. This amendment was declared enacted, and

provided, in effect, that all laws enacted by the supreme lodge of general application and permissible laws of a general nature theretofore asked for by the grand lodge should become a part of the laws immediately upon promulgation thereof by the grand master workman, to the same effect, and with the same force, as if adopted by the grand lodge; but the laws should not be otherwise altered or amended unless the proposed amendment should be submitted in writing, signed by three past master workmen, and passed by a two-thirds vote at a regular session of the grand lodge. The first clause of the amendment seems to be unimportant here. The last clause, however, changes the original article in omitting the requirement that the proposed amendment should be passed by a two-thirds vote of a succeeding or second grand lodge. This change in article 10 was an important one, affecting the rights of members, and the provisions of the article itself were not complied with in making the amendment. The original article provided that amendment should not be made unless certain specific things were done, and these things were not done in attempting to amend the very article itself. The importance to the deceased of the amendment made is apparent when we consider that at the very session of the grand lodge at which the same was made, in 1897, the attempt was made under this amended article to make other amendments, which, with one made the following year, 1898, are the basis of the defense in this action. These amendments were not submitted in writing, signed by three past master workmen, nor were they passed by a two-thirds vote of the succeeding or second grand lodge. Those voted for and declared adopted in 1897 provided for expelling a member who engaged in the business of selling liquors, but they do not seem to be relied upon here, and very likely were regarded as superseded by the amendment passed and declared adopted in 1898, which was thereafter printed in the book issued by the grand lodge as the second clause of section 9 of article 4 of the laws, viz.:

"Any member of the order who shall after March 1, 1897, have entered or who shall hereafter enter into the business or occupation of selling by retail, intoxicating liquors as a beverage, shall stand suspended from any and all rights to participate in the beneficiary fund of the order, and his beneficiary certificate shall become null and void from and after the date of his so engaging in said occupation, and no action of the lodge of which he is a member or of the grand lodge, or any officer thereof, shall be necessary or a condition precedent to any such suspension. In case any assessment shall be received from a member who has thus engaged in such occupation after March 1, 1897, the receipt thereof shall not continue the beneficiary certificate of such member in force, or shall it be a waiver of his so engaging in such occupation."

We agree with the trial court that this amendment was never legally enacted, so as to be binding upon the deceased or his beneficiary. The laws, which were concededly binding upon the members, were also binding upon the order, and they could only be amended by complying with the provisions of the laws themselves as to the making of such amendments. Article 10 was therefore never properly amended, and, as a result, article 4 was never amended, and formed no basis for the defense in this case.

2. The amendment does not, by its terms, cover this case. The deceased did not, after March 1, 1897, or at any time thereafter, enter into the business of selling liquors. He was all the time engaged in such business from the time he became a member, in 1893, until he died, in 1899. This may be regarded as a technical construction of the amendment, but the defense in this case is not one to be favorably considered, and we are not inclined to make any liberal construction in favor of the defendant to enable it to defeat the plaintiff's right of action, especially as the effect of the amendment, if so liberally construed, would be that. It not only would diminish, but entirely cut off, the contract rights of the member and his beneficiary. It does not provide that the member shall be suspended unless or until he ceases to engage in the business of selling liquors, but he shall stand suspended from any and all rights "to participate in the beneficiary fund of the order, and his beneficiary certificate shall become null and void from and after the date of his so engaging in said occupation." The deceased, while engaged in this business, in 1893, took this certificate. It was perfectly legal then to take it and be and remain in the business. He continued in the same business, and remained a member of the order, and paid all dues and assessments on this certificate, until the year 1899, when he died. Six years he paid upon a valid certificate, and he had rights under the contract which the defendant could not deprive him of. In 1898 the defendant assumed to enact this amendment to the laws, which, if operative at all as to the deceased and his certificate, cut off entirely all rights under the same. Clearly, this could not be done. Authority is hardly needed for this proposition. Kent v. Mining Co., 78 N. Y. 159; Matthews v. Associated Press, 136 N. Y. 342, 32 N. E. 981, 32 Am. St. Rep. 741; Engelhardt v. Association, 148 N. Y. 287, 42 N. E. 710, 35 L. R. A. 289. The court very properly decided that the amendment relating to the selling of liquor was not operative as to the deceased or his beneficiary, and constituted no defense to this action.

The defense as to the mortuary board of claims must fail also, if for no other reason, because the amendment with reference thereto was not legally enacted so as to be binding upon deceased or his beneficiary. There was the same fault in the attempted amendment as there was with reference to the one relating to the selling of liquor.

For the reasons hereinbefore stated, the judgment appealed from should be affirmed, with costs. All concur.