A. B. CAMPBELL, Respondent, v. AMERICAN BEN-
EFIT CLUB FRATERNITY, Appellant.

**St. Louis Court of Appeals, March 17, 1903.**

1. **Insurance:** FRATERNAL BENEFIT INSURANCE: CONTRACT,
CONSTRUCTION OF: RETROSPECTIVE LAWS: APPLICATION
FOR INSURANCE. Where by the terms of the application for in-
surance in a fraternal beneficiary insurance society, the assured
agreed to accept the certificate of membership, subject also to all
laws of the organization enacted in the future, and although in
express terms the representations and declarations in the applica-
tion formed part, alike of the certificate and of the consideration
of its issuance, the proper interpretation of the contract, and the
true intent of the recital in the application were to render obliga-
tory upon the insured only after-adopted laws for the conduct of
the order, duties of the members and the like, but not such as seek
to impair or affect the existing contract of insurance.

2. **Contract Made in Sister State:** RULE OF INTERPRETATION:
PRACTICE, TRIAL: PRACTICE, APPELLATE. While the rights
of parties under a sister State are usually measured by the laws
of such State even when the enforcement of the contract may be
sought in this State, yet an appellate court of this State can not
adopt and yield to a mere interpretation of a contract not confined
in its performance to that State but susceptible of execution else-
where, in direct conflict with the rule in this State.

Appeal from St. Louis City Circuit Court.—*Hon. War-
wick Hough*, Judge.

REVERSED (*conditionally*).

*Nathan Frank* and *Richard A. Jones* for appellant.

(1) · The insured in his application and certifi-
cate contracted to be bound by all laws in force at the
time it was issued or thereafter to be enacted by the
supreme commandery. In such case changes made in
the laws are not in violation of the contract, but are in
harmony with it. This is the law of the State of Mis-
sissippi, where the contract was made. Dornes v.

Supreme Lodge Knights of Pythias, 75 Miss. 480-481 (cited with approval in this case, is that of Supreme Commandery v. Ainsworth, 71 Ala. 436, in which the application and beneficiary certificate of the Knights of the Golden Rule is construed). (2) The constitution and by-laws of a beneficial society are in the nature of a contract between it and its members and they form a part of every contract made between them, and such contracts are governed in their validity, construction and discharge by such constitution and by-laws. Rose v. Wilkins, 78 Mo. 401. (3) The member to whom this beneficiary certificate was issued resided in the State of Mississippi at the time; he was a member of a local lodge of the order at Aberdeen in that State; the beneficiary certificate was issued to him there through this local lodge; the beneficiary herself resides there; it is a Mississippi contract.

*R. P. & C. B. Williams* for respondent.

(1) Subsequent laws can not take away any part of the amount agreed to be paid in the certificate. And this is true, though the certificate was issued subject to after-enacted laws and though the member or his lodge was represented in the supreme body which changed the law. Smith Case, 83 Mo. App. 512; Supreme Council v. Getz, 112 Fed. 119. (2) The agreement to be governed by all laws that may thereafter be enacted does not give the company the right to pass a law repudiating its obligations nor to impair the substance of the benefit certificate. Smith Case, 83 Mo. App. 512; Langan v. American Legion of Honor, 70 N. Y. Supp. 663; Strauss Case, 54 L. R. A. 605; Jarman Case, 104 Fed. 638. (3) Where the laws of a foreign State are in question, the presumption is, in the absence of a showing to the contrary, that the common law obtains in such foreign State. Croncle v. Railroad, 42 Mo. App. 248; Wilson v. Cockrill, 8 Mo. 1; Meyer v. McCabe, 73 Mo. 236; Haughtalling v. Bald, 19 Mo. 84.

REYBURN, J.—At Aberdeen, Mississippi, in January, 1886, Hugh Campbell, the deceased husband of respondent, became a member of a fraternal beneficial organization, a corporation organized under the laws of the State of Kentucky, with its principal office in the city of Cincinnati, Ohio.

This association had a local lodge at Aberdeen, of which the assured became a member, termed in the language of the order, Castle Gregg, and received a beneficial certificate from this, the Knights of the Golden Rule, on which this suit is brought, having made it payable to his wife, the plaintiff.

The application for membership contained a stipulation to accept the certificate subject to the laws of the order then in force or which might thereafter be enacted by the supreme commandery. The certificate itself contained the following provisions:

"This certificate issued by the authority of the Supreme commandery Knights of the Golden Rule, witnesseth: That the order of the Golden Rule has been conferred upon Hugh Campbell, who is now a member of the order in good standing, Castle Gregg, No. 198, located at Aberdeen, State of Mississippi, and in consideration of the representations and declarations made in his application for this certificate, which is made a part hereof and full compliance with all the laws of this order now in force or that may hereafter be enacted, one thousand dollars together with accrued assessments, will be paid from benefit fund of the second class of this order by the supreme commandery, Knights of the Golden Rule, to his wife, Mrs. A. B. Campbell, or as may hereafter be directed in his application for change hereof; provided, however, when there are not sufficient members in this class to pay the maximum benefit there shall only be paid the sum realized on one assessment in this class on the death of said comrade less ten per cent, to the contingent fund, as provided

by law, together with the full amount of accrued assessments paid by him in this class."

The contingent fund mentioned to which this ten per cent was to go was the fund from which, under the laws of the order, all expenses and accrued assessments which were to be returned were to be derived, and the sources of revenue of the order were this ten per cent of the assessments and the whole of the membership fees paid by the members. The order was then divided into five classes designated 1, 2, 3, senior and female, and the maximum benefits payable in these respective classes were $500, $1,000, $2,000, $2,000 and $1,000, respectively. This certificate was of the second class, entitling the beneficiary to one thousand dollars on the conditions above enumerated.

A law of the order at the time of the issuance of the certificate respecting the disposition of the assessments collected in each class and the payment of benefits, provided that the Knights benefits paid into the supreme treasury by members of each class should be held separate, each from the other, so that members of one class should not be made to contribute to the fund of another.

In 1892, at a meeting of the supreme commandery of the order, at which the lodge joined by Campbell was represented, the laws of the order were amended to abolish these classes, and eliminate the limitation upon payments of benefits to assessments derived from members of the particular class in which the certificate was issued, so that thereafter, members of the entire order contributed to payment of benefits on all death losses, which were paid from the common fund, and for the purpose of apportioning the part of the assessments on the whole membership of the order to be paid on each certificate, three sections were created according to the maximum benefit each should receive, the first receiving $500, the second $1,000 and the third $2,000, and the following law adopted:

"The knights' and ladies' benefits paid into the supreme treasury by members of different sections shall be held in common.

"When the amount realized by one assessment, less ten per cent, shall be sufficient to pay in full a maximum benefit in all three sections (to-wit, $3,500), then the maximum benefit in either section shall be paid. When the amount realized on one assessment, less ten per cent, shall *not* be sufficient to pay the maximum benefit in all three sections then the benefits shall be paid proportionately upon the following basis: in the first section one-seventh of net amount realized; in the second section two-sevenths of net amount realized; in the third section four-sevenths of the net amount realized."

The payment of accrued assessments was abolished at this meeting by an amendment of the laws.

In 1901, defendant, the American Benefit Club Fraternity, was created under the laws of the State of Kentucky and members of the Knights of the Golden Rule accorded the right to join it, without physical examination or payment of initiation fee, and Campbell became a member of the last organization, which assumed the obligations and was, in effect, a reorganization of the Knights of the Golden Rule, and up to the time of his death paid accruing assessments to the later body, the defendant herein.

The law of this order concerning the payments of benefits was as follows:

"Benefits in this order shall be in four sections and be known and designated as first, second, third and fourth sections.

"The maximum benefit in the first section, shall be $250, second section $500, third section $1,000, fourth section $2,000.

"When the net amount realized on one monthly contribution or assessment, less the percentage for expenses and reserve fund, is sufficient to pay in full a maximum benefit in the fourth section (to-wit, $2,000), then

the maximum benefit in either section shall be paid. When the net amount realized on one monthly contribution, as above, is not sufficient to pay the maximum benefit in the fourth section, then the benefits shall be paid proportionately on this basis: in the first section one-eighth of net amount realized; in the second section one-fourth of net amount realized; in the third section one-half of the whole of net amount realized; in the fourth section the whole of the net amount realized on one monthly contribution or assessment.''

It was conceded that Campbell, at the time of his death, was in good standing in the defendant company; that he had paid all dues and assessments required of him; that plaintiff, a resident of Mississippi, was the widow of Campbell and the beneficiary in the certificate; that she had complied with all the terms of the certificate; and that she had demanded of defendant the amount of one assessment in class two, less ten per cent for the contingent fund, as well as the amount of the accrued assessments paid by Campbell in such class, the latter of which the defendant declined to pay but offered to pay the amount of one assessment in class or section, conditioned upon plaintiff's signing the receipt following:

''Received of the national council, A. B. C. Fraternity, $150, in full satisfaction of all claims and demands against said national council growing out of the death of said Hugh Campbell, late a member of Castle Gregg, No. 198, in second K. G. R. section of said order, located at Aberdeen, Miss., and in full discharge of benefit certificate No. 3036 issued to him in said section; said sum being net amount of collections of one assessment for said section, is hereby accepted, said certificate surrendered and said national council released from all further liability.''

Defendant admitted its liability for one assessment, but denied it was liable for the amount of the accrued assessments relying upon the by-laws of the

association enacted after the execution of the certificate which repealed the prior existing law providing for the payment of accrued assessments.

Plaintiff brought this suit originally before a justice of the peace upon a statement formally reciting the facts above stated, and especially alleging that she had repeatedly requested of the defendant the payment of one assessment in class two on the death of Campbell, less ten per cent to go to the contingent fund as provided by law and the terms of the certificate, together with the full amount of accrued assessments paid by Campbell in class two, amounting to $217.95, as per an itemized statement filed as a part of the complaint; and that an assessment was levied under such certificate from which $150, under the terms of such certificate, was due the plaintiff; that the defendant had declined to pay the amount of such accrued assessment paid by Campbell and judgment for $500 was asked.

The trial before the justice resulted in judgment for plaintiff for $391.10 and defendant tendered to the constable to whom execution issued, $170 and deposited that amount with him, twenty dollars of which was for interest and costs accrued to the date of tender.

Defendant appealed to the circuit court and on May 19, 1902, deposited therein $170 for plaintiff's benefit.

The case was tried mainly upon an agreed statement which disclosed the preceding situation, a jury being waived and the court rendered judgment primarily for $408.90 which upon order of the court, was reduced by remittitur to $376.50.

The record presents but two issues, both involving conclusions of law rather than of fact, which are so intimately connected that they may be considered together. The appellant strenuously urges that the assured, by his application and the terms of his certificate, contracted to be bound by all after-enacted laws of the supreme commandery, as well as by all laws in force when he joined the order, and that under such

contract, retrospective amendments made in the laws of the order were valid and binding. This proposition has received recent consideration in this court and is decisively passed upon in the late decision of Morton v. Supreme Council of the Royal League, 100 Mo. App. (St. L.) 76, in which the authorities will be found collated and elaborately discussed. The rule therein recognized and approved, that although by the terms of the application therefor, the assured agreed to accept the certificate of membership, subject also to all laws of the organization enacted in the future, and although in express terms the representations and declarations in the application formed part, alike, of the certificate and of the consideration of its issuance, yet the proper interpretation of the contract, and the true intent of the recital in the application, were to render obligatory upon the insured only after-adopted laws for the conduct of the order, duties of the members and the like, but not such as sought to impair or affect the existing contract of insurance, in our judgment, is supported by the weight of authority and is controlling and herein approved.

Defendant, however, further contends that the final appellate tribunal of the State of Mississippi has determined the construction of similar contracts, and as the certificate was issued in that State, its laws control and are decisive. It may be conceded that the cases in the Supreme Court of the State introduced at the trial, and submitted in the argument, construe by-laws after-adopted with the full retrospective effect urged by appellant, but no positive law exists in Mississippi by the adoption of any statute upon the subject of the effect and interpretation of such by-laws, and while the rights of parties under contracts made and to be *performed* in a sister State, are usually measured by the laws of such State, even when the enforcement of the contract may be sought in this State, yet we can not adopt and yield to a mere interpretation of a contract not con-

fined in its performance to that State but susceptible of execution elsewhere affirmed by the courts of the State of Mississippi in direct conflict with the rule in this State, and so recently pronounced erroneous by this court, but we adhere to the ruling in the well-considered case above cited. The recovery herein, even after abatement by order of the court, exceeds the amount warranted by the record. Respondent's theory was that benefits became payable to her under the laws of the Knights of the Golden Rule in force when deceased became a member, and which provided for payment of one assessment levied upon those members of the single class of the five existing divisions of that order and also for repayment of all assessments paid by the insured. Appellant asserted that respondent's right had become restricted to the benefits accruing under its laws, as amended subsequent to the issuance of the certificate, to one-half of the whole sum derived from an assessment upon *all* members of the order, irrespective of class, but without return of assessments theretofore paid, and appellant in conformity to its contention, repeated the tender and payment of $170 in the magistrate's court by payment of that sum in the circuit court, as the full extent of its liability. The testimony in the record reveals that adopting the standing of recovery contended for by respondent and herein sustained, the greatest amount derived from an assessment of the former members of class 2 of the Knights of the Golden Rule, to which deceased formerly belonged, would not have exceeded $70; the trial court therefore erred in computing the result of such an assessment at $150. The judgment will accordingly be reversed, unless within fifteen days respondent shall remit $80 therefrom, in which event the judgment of the lower court so reduced will be affirmed, costs of appeal to be paid by respondent. *Bland, P. J.,* and *Goode, J.,* concur.