[Civ. No. 110.   First Appellate District.—January 9, 1906.]

ROSALIE BORNSTEIN, Appellant, v. DISTRICT GRAND LODGE NO. 4, INDEPENDENT ORDER B'NAI B'RITH, Respondent.

BENEFICIAL ASSOCIATION—CERTIFICATE A CONTRACT—IMPAIRMENT OF OBLIGATION.—A beneficiary certificate issued by a beneficial association to one of its members, by which it agreed that, upon condition that the member should comply with the laws, rules and regulations then governing the association, "or that thereafter might be enacted for its government," it would pay to his wife, upon his death, the sum of two thousand dollars, constitutes a contract of insurance, and like any other contract, cannot be either

impaired in its obligation or changed in its· terms by either party without the assent of the other.

ID.—INVALID ENACTMENT IMPAIRING OBLIGATION.—An enactment by the association, adopted subsequent to the issuance of such certificate, without the knowledge or assent of the member, reducing the amount payable on outstanding .certificates in the sum of two thousand dollars to the sum of one thousand dollars, is not a rule or regulation for the "government" of the association, within the meaning of the condition contained in the certificate; such enactment is an attempted repudiation by the association of its obligation under its contract, and cannot affect the rights of the holder of the certificate.

CORPORATION—BY-LAWS—LIMITATION ON POWER TO ENACT.—The power of a corporation to enact by-laws is subject to the condition that the by-law must be reasonable, and not contravene or be inconsistent with its charter or any existing law of the state; and the power to alter has the same limit, so that no alteration can be made which would infringe a right already given and secured by the contract of the corporation.

ID.—CONSTRUCTION OF BY-LAW.—A by-law, like a statute, will not be construed as intended to operate retrospectively unless express provision is found therefor in its terms; and if its language is such that by giving it a retrospective operation it would have the effect to annul or impair an existing obligation on the part of the corporation, such by-law will be held unreasonable and in contravention of existing laws.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

Lucius L. Solomons, for Respondent.

HARRISON, P. J.—The defendant is a beneficial association incorporated under the laws of this state, of which Sigmund Bornstein was a member from November 11, 1875, until his death, March 6, 1901. December 1, 1891, the defendant issued to said Bornstein its "beneficiary certificate," by which it agreed that, upon condition that the said Bornstein should comply with the laws, rules and regulations then governing the defendant or that thereafter might be enacted for its gov-

ernment, and should be in good standing at the time of his death, and a contributor to the widows' and orphans' beneficiary fund of the defendant, it would pay to Rosalie Bornstein (the plaintiff herein), wife of said Sigmund, the sum of $2,000 upon satisfactory proof by her of his death and the surrender of said certificate. At the time of the issuance of said certificate it was provided by the by-laws of the defendant that upon the death of a member in good standing in its widows' and orphans' beneficiary fund the sum of $2,000 should be paid to his widow, and that every applicant for a beneficiary certificate in said fund, if a married man, should in his application designate his wife as his sole beneficiary. From the time of the issuance to him of said certificate until his death Bornstein regularly paid the assessments and dues required of him as a contributor to said fund. February 20, 1901, the defendant enacted as follows: "The beneficiary membership shall be divided into two grades, to be designated as 'first grade' and 'second grade,' respectively. First grade shall include all members holding beneficiary certificates in the sum of one thousand dollars, and second grade shall include all members holding beneficiary certificates in the sum of five hundred dollars. All beneficiary certificates now outstanding in the sum of two thousand dollars shall become and be void for any sum in excess of one thousand dollars on the first day of March, 1901, and all certificates now outstanding in the sum of two thousand dollars shall be and the same are hereby recalled, and the Grand Secretary is hereby authorized and directed to cancel the same, and to issue in lieu of each such certificate a first grade certificate for the sum of one thousand dollars or a second grade certificate for the sum of five hundred dollars, as the beneficiary may elect; provided that in the event that such election shall not be made at or prior to the first day of March, 1901, then and in that event for all purposes until such election shall be made the said beneficiary shall be rated as a first grade beneficiary member, and be charged with premiums accordingly." Bornstein died March 6, 1901, and, upon the demand of the plaintiff for the amount named in the aforesaid certificate, the defendant refused to comply therewith, but offered to pay her the sum of $1,000 and no more, and she thereupon commenced the present action. The court found that all the conditions required

by the terms of the certificate to be performed on the part of
the plaintiff, or on the part of her husband, had been fully
and duly performed, and that her husband had fully and duly
performed all and singular his agreements and covenants with
the defendant ''except as to the requirements of the aforesaid
enactment'' of February 20, 1901. It also found that the as-
\ets in the widows' and orphans' beneficiary fund were
greatly in excess of the amount required to pay the plain-
}iff's claim. It held, however, that by virtue of the afore-
said action of the defendant in February, 1901, the plaintiff
was entitled to receive only the sum of $1,000, and rendered
judgment accordingly. The plaintiff moved for a new trial,
and from the order denying her motion, and from the afore-
said judgment, she has appealed.

The question presented upon the appeal is the effect of the
proceedings by the defendant in February, 1901, upon the
beneficiary certificate issued by it to Sigmund Bornstein in
December, 1891; the appellant contending that upon the is-
suance of the certificate a contract was entered into between
the defendant and her husband whose terms could not be
varied without his assent; and the respondent contending, on
the other hand, as was held by the superior court, that the
aforesaid proceeding was the enactment by the defendant of
a by-law which was binding upon all of its members, and that
upon its enactment the contract with her husband was there-
after subject to its terms. The function of a by-law of a private
corporation is to prescribe the rights and duties of the mem-
bers in reference to the internal government of the corpora-
tion and the management of its affairs; and in reference also
to the rights and duties which exist between the members
themselves by virtue of their membership in the same cor-
porate body. The right of a private corporation to enact
such by-laws is inherent and incident to its existence. This
power is subject to the condition that the by-law must be rea-
sonable, and not contravene or be inconsistent with the charter
or any existing law of the state. (*People's Home Sav. Bank*
v. *Sadler,* 1 Cal. App. 189, [81 Pac. 1029] ; Civ. Code, sec. 354,
subd. 6.) ''The power to make by-laws is to make such as are
not inconsistent with the constitution and the law; and the
power to alter has the same limit, so that no alteration could
be made which would infringe a right already given and se-

cured by the contract of the corporation. An alteration is a *pro tanto* repeal; but no private corporation can repeal a by-law so as to impair rights which have been given and become vested by virtue of the by-law afterward repealed. All by-laws must be reasonable and consistent with the general principles of the laws of the land, which are to be determined by the courts when a case is properly before them. (*Master etc.* v. *Green,* 1 Ld. Raym. 113.) The alteration of a by-law is but the making of another upon the same matter. If the first must be reasonable and in accord with principles of law, so must that which alters it. If, then, the power is reserved to alter, amend or repeal, and that reservation enters into the contract, the power reserved is to pass reasonable by-laws agreeable to law, but a by-law which will disturb a vested right is not such (see *Gray* v. *Portland Bank,* 3 Mass. 364, [3 Am. Dec. 156]) ; and it differs not that the power to make and alter by-laws is expressly given to a majority of the stockholders, and that the obnoxious ordinance is passed in due form.'' (*Kent* v. *Quicksilver Min. Co.,* 78 N. Y. 159.) A by-law, like a statute, will not be construed as intended to operate retrospectively unless express provision is found therefor in its terms; and if its language is such that by giving it a retrospective operation it would have the effect to annul or impair an existing obligation on the part of the corporation, such by-law will be held unreasonable and in contravention of existing laws. (*Knights Templar etc. Co.* v. *Jarman,* 104 Fed. 638, [44 C. C. A. 93] ; *Carnes* v. *Iowa State T. M. Assn.,* 106 Iowa, 281, [68 Am. St. Rep. 306, 76 N. W. 683] ; *Covenant M. L. Assn.* v. *Kentner,* 188 Ill. 431, [58 N. E. 966] ; *Wist* v. *Grand Lodge A. O. U. W.,* 22 Or. 271, [29 Am. St. Rep. 603, 29 Pac. 610].)

The relation of Bornstein to the defendant was of a dual character. As one of its members he submitted his wishes respecting its government and the management of its affairs to the will of the majority, and was bound by the action that such majority should take within the scope of the charter, even though protested against by him. He also, by virtue of the beneficiary certificate, held a contractual relation with the defendant, in which the rights of the respective parties are to be measured by the terms of the contract itself. A beneficiary certificate of a fraternal association is a contract .

of insurance (*Commonwealth* v. *Wetherbee,* 105 Mass. 149; *Goodman* v. *Jedidjah Lodge,* 67 Md. 117, [9 Atl. 13, 13 Atl. 627]; Civ. Code, sec. 2527), subject to the same rules of interpretation as are other contracts, and, as in the case of any other contract, can be neither impaired in its obligation or changed in its terms by either party without the assent of the other. The certificate issued by the defendant is an absolute contract on its part to pay to the plaintiff herein the sum of $2,000 upon the performance by her husband of certain conditions during his lifetime; and the finding of the court that he performed all of these conditions "except as to the requirements of the enactment" of February 20, 1901, entitles her to a recovery unless that enactment contains "requirements" which he was under obligation to perform as a condition precedent to the liability of the defendant upon its contract. The clause in the certificate relied upon by the defendant as containing such "requirement" is the condition that Bornstein "comply with the laws, rules and regulations now governing the defendant, or that may be hereafter enacted for its government." The enactment of February 20, 1901, is not, however, a rule or regulation for the "government" of the defendant, and has no relation to such government except as its application might be invoked with reference to certificates thereafter to be issued. As to all certificates then outstanding in the amount of $2,000 it was an attempt to deprive the holders thereof of one-half the amount of its obligation, and was a direct repudiation of its contract. If it could thus limit its liability to one-half of its obligation, it could, by a similar enactment, declare that it should be under no obligation upon any of its outstanding certificates. Not only does the record fail to show that Mr. Bornstein assented to such enactment, or that he even had any knowledge of it, but the court finds that the defendant never requested him to comply with its terms. His agreement, as a member of the defendant, to comply with the regulations for its "government" that might be adopted by a majority of its members is not to be construed as authorizing that majority to deprive him, without his special consent, of the benefits of a contract for which he had given full consideration. (*Supreme Council etc.* v. *Getz,* 112 Fed. 119, [50 C. C. A. 152]; *Hale* v. *Aid Union,* 168 Pa. St. 377, [31 Atl. 1066]; *Newhall* v. *American Legion of Honor,*

181 Mass. 111, [63 N. E. 1]; *Weiler* v. *Equitable Aid
Union,* 92 Hun, 277, [36 N. Y. Supp. 734]; *Deuble* v.
*Grand Lodge,* 66 App. Div. 323, [72 N. Y. Supp. 755];
*Knights Templar etc.* v. *Jarman,* 187 U. S. 197, [23 Sup. Ct.
108]; *Parish* v. *Produce Exchange,* 169 N. Y. 34, [61 N. E.
977]; *Weber* v. *Supreme Tent of K. of M.,* 172 N. Y. 490, [92
Am. St. Rep. 753, 65 N. E. 258]; *Langan* v. *Supreme Council,*
174 N. Y. 266, [66 N. E. 932]; *Gaut* v. *American Legion of
Honor,* 107 Tenn. 613, [64 S. W. 1070]; *Pokrefky* v. *Fire-
man's Fund Assn.,* 121 Mich. 456, [80 N. W. 240]; *Morton*
v. *Supreme Council,* 100 Mo. App. 76, [73 S. W. 259];
*Campbell* v. *American Benefit Club,* 100 Mo. App. 249, [73
S. W. 342].) In *Pokrefky* v. *Fireman's Fund Assn.,* 121
Mich. 456, [80 N. W. 240], the by-laws of the defendant,
at the time the plaintiff's decedent became a member, pro-
vided that upon the death of a member an assessment of $5
should be collected from each surviving member and paid
to his beneficiary. Some years after the decedent became
a member of the defendant the by-law was amended against
his protest by reducing the amount so to be paid. In an
action to recover the full amount collected upon the assess-
ment, the court said: "The by-laws as they existed at the
time he became a member constituted a part of the contract.
If the trustees had the power to limit the amount of pay-
ment to be made to $1,500, they could limit it to a much less
amount. The act under which the company was organized
permitted the trustees to change the by-laws at pleasure;
but it cannot be said that this was intended to place it within
the power of the trustees to adopt by-laws that would have
a retroactive operation upon the contracts of the company
made before new by-laws were adopted. While the trustees
undoubtedly had the power to pass or change by-laws neces-
sary for the well government of the affairs of the company,
it cannot be said that it was intended to clothe them with
the arbitrary power to reduce the amount due beneficiaries
under contracts made before new by-laws were passed." In
*Weiler* v. *Equitable Aid Union,* 92 Hun, 277, [36 N. Y.
Supp. 734], the defendant in July, 1882, issued a certificate
to the plaintiff, in which it agreed in effect to pay him the
sum of $400 at the expiration of eleven years if he should
then be alive and in good standing. A few months before

the expiration of the eleven years it passed a by-law, by which benefit certificates like the one held by the plaintiff should be payable only in case the member became totally disabled, and then only one-tenth part each year. In an action upon the certificate the defendant pleaded this by-law as a defense, upon the ground that the plaintiff, in his application for the certificate, had agreed to accept it subject to such laws and regulations as then existed or which might be adopted by the corporation. The court held, however, that the right of the plaintiff to payment upon the contingency named in the certificate was in the nature of a vested right; and that the by-law as to him was simply the repudiation of a positive contract, and illegal and void. In *Newhall* v. *American Legion of Honor,* 181 Mass. 111, [63 N. E. 1], the defendant issued a certificate to one of its members for the sum of $5,000 in consideration of his "full compliance with all the by-laws now existing or hereafter adopted." It was held that this condition referred to the by-laws only so far as to require payment of assessments in accordance with them; that "compliance" in this connection means "doing what the by-laws may require the member to do—not submission to seeing his only inducement to do it destroyed; that it does not extend to permitting direct deduction from the sum which, on the face of the certificate, any ordinary man would be led to suppose secure." In this case the defendant, about two years after issuing the certificate, passed a by-law declaring, in effect, that $2,000 should be the limit of payment upon any benefit certificate theretofore or thereafter issued. The court held that this by-law was inoperative upon the certificate held by the plaintiff, and that she was entitled to recover the full amount of her claim. Upon a similar state of facts, in *Langan* v. *American Legion of Honor,* 34 Misc. Rep. 629, [70 N. Y. Supp. 663], the court said: "The agreement by the plaintiff in the application for membership and in the benefit certificate to comply with all laws that might thereafter be adopted, as well as the power reserved in the by-laws to change them, had reference to changes which should not impair the substance of the contract. Nothing beyond this will be implied on the theory that it is reasonable. The amended by-law abrogates the contract to pay $5,000, and substitutes

an obligation to pay only $2,000, and is therefore void."
In *Morton* v. *Supreme Council*, 100 Mo. App. 76, [73 S. W.
259], the court declared the rule to be that such by-laws
cannot alter or impair prior contracts of insurance, and that
such provision in the certificate in reference to future by-
laws is to bind the insured simply by administrative or
regulative amendments, and not such as go to the reduc-
tion or withdrawal of the consideration for which the assess-
ment is charged. And in *Campbell* v. *American Benefit
Club*, 100 Mo. App. 249, [73 S. W. 342], the same court,
held that the true intent of such agreement was "to render
obligatory upon the insured only after-adopted laws for the
conduct of the order, duties of the members and the like,
but not such as sought to impair or affect the existing con-
tract of insurance." In *Stohr* v. *San Francisco Musical
Fund Soc.*, 82 Cal. 557, [22 Pac. 1125], cited by the respond-
ent, the right of the plaintiff to receive sick benefits was
not based upon a special contract, but depended upon a by-
law, which the plaintiff, by joining the society, had agreed
might be changed at the will of the defendant. Such change
was, however, regarded as prospective in its operation, and
until the changed by-law went into effect the plaintiff was
held entitled to all the benefits that accrued under its orig-
inal terms; but the court held that he had no vested right
to benefits for any sickness which might exist after the change
in the by-law became operative.

It must be held, therefore, that the certificate issued by
the defendant to the plaintiff's husband was not affected
by the enactment of February, 1901, and that the plaintiff
is entitled to recover its full amount.

The judgment and order appealed from are reversed, and
the superior court is directed to enter a judgment in favor
of the plaintiff and against the defendant for the sum of
$2,000, with interest thereon from January 7, 1902, together
with her costs of suit.

Cooper, J., and Hall, J., concurred.