[Civ. No. 417. First Appellate District.—December 28, 1908.]

HARRY M. SCHACK, Appellant, v. SUPREME LODGE OF THE FRATERNAL BROTHERHOOD, Respondent.

BENEFIT SOCIETIES—LIFE POLICY TO MEMBER—REFERENCE TO EXISTING AND FUTURE LAWS—CONTRACT—FUTURE LAW NOT CONSENTED TO.— Beneficial associations may not, by a subsequent change in their by-laws, impair the contractual rights of their members without their consent. Notwithstanding a life policy of insurance issued to a member of a fraternal brotherhood by its terms was issued in accordance with ''the provisions of the constitution and laws of the order now in force, or that may be hereinafter made by the Su-

preme Lodge of the Fraternal Brotherhood, which are hereby referred to and made part of this contract," it does not make part of the contract a subsequent change in the by-laws to which the insured member did not personally consent prior to his death.

Id.—Construction of Policy—Future Amendment Prospective.—The policy of life insurance, by its express reference to "the provisions of the constitution and laws of the order now in force," made them as fully part of the contract as though such provisions had been written into the policy or benefit certificate issued to the insured member. The subsequent amendment of the section, not expressly assented to by the member, did not strike from the contract any provision thereof; but such amendment was prospective in its operation, and did not affect existing contracts.

Id.—Forfeiture in Case of Suicide—General Provision—Exception of Special Case of Insanity—Causes Negatived—Burden of Proof.—Where a policy of insurance is made subject to by-laws containing a general provision for forfeiture of benefits in case of suicide, broad enough in its terms to cover cases of suicide by a member whether sane or insane, and which includes cases of insanity not covered by a special exception in a subordinate clause, excepting cases of insanity not caused by the intemperate, immoral, evil habits or misconduct of the deceased, such causes of insanity negatived fall within the general clause of forfeiture in case of suicide, and the burden of proof cast upon the claimant to prove the excepted case must show that it does not fall within the causes of insanity negatived.

Id.—Action by Representative of Deceased Member—Proof of Existing By-laws—Mere Admission of Insanity at Death—Failure of Proof—Nonsuit.—In an action upon a policy of life insurance of a deceased member by his representative, when plaintiff proved the by-laws existing when the policy was issued, and rested merely upon an admission that the member died while insane, without any attempt to prove the excepted case of insanity in exclusion of the causes of insanity negatived, he thereby failed to prove his case, and a judgment of nonsuit was properly rendered against him.

Id.—Effect of Pleadings—General Averment of Complaint—Answer Pleading Amendment—Defendant not Estopped to Claim Nonsuit.—When the complaint set forth the policy which in terms made the existing by-laws a part of it, but did not set them forth, and merely alleged in general terms a compliance with the contract, and introduced the existing laws in evidence, but failed to to prove an excepted case of suicide, the mere fact that the answer of the defendant pleaded the amended by-law only, when it also negatived compliance with the contract of insurance, and claimed the benefit of the suicide clause, the defendant is not estopped from taking advantage of plaintiff's failure of proof to claim a nonsuit.

APPEAL from a judgment of the Superior Court of Alameda County.    Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

Charles G. Nagle, for Appellant.

Bert Schlesinger, R. N. Chappel, and C. A. Post, for Respondent.

HALL, J.—Plaintiff, as the beneficiary, brought this action against defendant, as the insurer, upon an insurance policy upon the life of Jans A. Schack, father of plaintiff and member of the Fraternal Brotherhood.

At the close of plaintiff's case the court granted a nonsuit upon the motion of the defendant, and this is an appeal from the judgment of nonsuit entered accordingly.

The policy of insurance is in the form of a certificate of membership in the Fraternal Brotherhood as well as a contract of insurance. It is set forth in the complaint, and by its terms appears to have been issued in accordance with "the provisions of the constitution and laws of the order now in force, or that may hereafter be made by the Supreme Lodge of the Fraternal Brotherhood which are hereby referred to and made a part of this contract." The policy was dated and issued October 2, 1900.

The complaint does not set forth the provisions of the constitution and laws of the order relating to insurance.

At the trial, however, plaintiff proved that the constitution and by-laws of the order, at the date of the contract sued on, contained in section 258 thereof the following provisions:

"258 (a) Any member of the order who commits suicide shall *ipso facto* forfeit all benefits of whatsoever kind which his beneficiary or beneficiaries or personal representative or personal representatives would otherwise have been entitled to receive, under the constitution and laws, from the Supreme Lodge or from the Subordinate Lodge of which the deceased was last a member.

"(b) If, however, it is established to the satisfaction of the executive council or the Supreme Lodge that the deceased was a lunatic or person of unsound mind, and that prior to the act he was known and recognized as such, and the Supreme Secretary duly notified thereof, and provided further that

the act of suicide alone shall not constitute sufficient grounds
for declaring that such person was a lunatic, or person of
unsound mind, and entitled to the benefits of the order, and
that such insanity was not due to nor caused by the intem-
perate, immoral, evil habits or misconduct of the deceased,
then in such case the benefit shall not be forfeited, as pro-
vided in this section.

"(c) The burden of proof of the fact set forth in sub-
section (b) above shall be upon the beneficiary or benefi-
ciaries, or personal representative or representatives of the
deceased. . . . "

That subsequently in March, 1902, said section 258 was
amended so as to read as follows: "Any member of the order
who commits suicide, whether sane or insane, within five
years of the date of becoming a beneficiary member of the
order, shall *ipso facto* forfeit all benefits of whatsoever kind
which his beneficiary or beneficiaries or personal representa-
tive or representatives would otherwise have been entitled to
receive, under the constitution and laws, from the Supreme
Lodge or from the Subordinate Lodge of which the deceased
was last a member."

It was admitted that Jans A. Schack never personally con-
sented to the change in the by-laws above set forth, and that
he died December 4, 1903, by committing suicide while insane.

The motion for nonsuit was made both under the pro-
visions of section 258 of the amended constitution and laws
of the order and the provisions of the same section as it ex-
isted at the date of the issuing of the policy or certificate.

The motion was granted in general terms without specify-
ing which section the court regarded as controlling the de-
cision.

It must be held that the amended by-law did not affect
the contractual rights of the insured or his beneficiary. Bene-
ficial associations may not, by a subsequent change in their
by-laws, impair the contractual rights of their members with-
out their consent. (*Bornstein* v. *District Grand Lodge etc.*,
2 Cal. App. 624, [84 Pac. 271].)

But it is clear that the motion was properly granted because
of the provisions of said section 258 as it stood at the time of
the issuing of the policy or certificate sued on.

Ordinarily, the word "suicide," when used in a contract
of life insurance, does not include a case of self-destruction,

by an insane person, at least where the mind of the person is so far diseased as to be incapable of understanding the nature and effect of the act committed. (19 Am. & Eng. Ency. of Law, 75, and cases there cited.)

But the language of the contract or policy may be such as to indicate that the word was used in the broader sense of any case of intentional self-destruction. The words "sane or insane" following the word "suicide" are most frequently used for this purpose, but other words or provisions may just as clearly show that the word was used in its broader sense.

In the case at bar the provisions of subdivision (a) of section 258 of the constitution and laws as said section stood when the policy in suit was issued clearly show that by the words "who commits suicide" it was intended to include anyone who commits suicide, whether sane or insane, for otherwise it was quite unnecessary to except the case of insane coming within the provisions of subdivision (b).

The by-law in question first lays down in subdivision (a) a general rule that includes all cases of suicide, using the word in its large and perhaps usual sense; and then in subdivision (b) excepts from the operation of the general rule laid down in subdivision (a) cases of suicide by such insane as are brought within the provisions of subdivision (b).

By the terms of the policy it was issued subject to the provisions of the constitution and laws of the order "now in force," which were in express terms made a part of the contract. The provisions of section 258 as it then stood were as completely made a part of the contract as though such provisions had been written into the body of the policy or benefit certificate issued to the insured. The subsequent amendment of the section did not strike from the contract any provision thereof. The amendment was prospective in its operation only and did not affect existing contracts.

When the plaintiff showed that the deceased had committed suicide, he brought the case within a general peril not insured against, to wit, death by suicide. By the very terms of the contract (subdivision [c]) the burden of proof was then upon the plaintiff to bring the case within the exception provided for in subdivision (b). This he made no attempt to do.

The facts proved and admitted clearly show that under the policy issued to deceased, plaintiff was not entitled to recover.

Appellant, however, urges that defendant is precluded from relying on the provisions of section 258 as it stood when the policy was issued, because in its answer it specially pleaded the section as it was subsequently amended, and did not specially plead the section as it originally stood.

In answer to this it is sufficient to say that plaintiff's complaint set forth the policy, which in terms referred to the constitution and laws then in force and made them a part of the contract, and alleged a compliance with the conditions of the contract. Defendant in its answer alleged that the insured had committed suicide, and alleged generally that plaintiff's right to recover was subject to the suicide clause of the constitution and laws of defendant, and denied that either Jans A. Schack or plaintiff had performed all the conditions of said policy of insurance on their part. The suicide clause, as it existed in October, 1900, was a part of the contract sued on, and if plaintiff had correctly set forth the contract, should have been pleaded by him. This he did not do except by the general reference thereto in the body of the policy, but he did, however, put it in evidence, and then failed to prove that he or the insured had complied with the conditions thereof. Under these circumstances we think it cannot be said that the defendant was precluded from relying upon plaintiff's failure to prove a compliance with the conditions of the contract as proved by himself. There is no dispute about the facts and the case could not be varied on a new trial. (*Foster* v. *Carr*, 135 Cal. 83, [67 Pac. 43].)

We have not been aided by any brief from respondent in this case. The brief originally filed by respondent was destroyed in the conflagration of April, 1906, and though counsel were, by directions of this court, notified after the submission of this cause in October last that respondent had no brief on file, they have up to this date neither supplied the court with a copy of their original brief nor taken any steps to have the submission set aside, to the end that they might prepare and file a new brief.

The judgment should be affirmed, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 25, 1909.