[Civ. No. 10556. First Appellate District, Division Two.—December 8, 1937.]

SOPHIE INDERKUM, Respondent, v. GERMAN OLD PEOPLE'S HOME (a Corporation), Appellant.

Weinmann, Quayle & Berry, Rode & Rode, Howard S. Rode and George Olshausen for Appellant.

Phillip M. Carey and Henry Conlin for Respondent.

SPENCE, Acting P. J.—Plaintiff brought this action seeking the return of the consideration paid by her for admission to the German Old People's Home less the reasonable value of her maintenance during the time that she remained in said home. From a judgment in favor of plaintiff, defendant appeals.

Defendant is a nonprofit corporation engaged in maintaining a home for aged persons of German descent. In January, 1935, plaintiff entered into a written contract with defendant and, pursuant to the terms thereof, plaintiff paid to defendant the sum of $3,500. Defendant agreed thereby to admit plaintiff to the home and to maintain her during the term of her life. The contract provided, "Said maintenance shall include comfortable lodging, good board, medical treatment and nursing in case of illness, except that if said Resident shall require any extraordinary or special medical, nursing or other care, the expense thereof shall be paid by Resident." The defendant also agreed to defray funeral expenses in an amount not exceeding $150 in the event that plaintiff's estate should be insufficient to defray such expenses. Plaintiff was admitted to the home and remained there until August 30, 1935, at which time she voluntarily left the home and thereafter brought this action.

Plaintiff's second amended complaint was in five counts. We may omit discussion of said counts other than the fourth count as the findings of the trial court were in favor of defendant on all of the material allegations of the remaining counts. The fourth count was a common count for money had and received. In the answer thereto, defendant denied the allegations thereof and set forth the contract between plaintiff and defendant as an affirmative defense. Defendant further alleged that pursuant to said contract, plaintiff was admitted to the home; that she was maintained there by defendant until she voluntarily left the home on or about August 30, 1935; that defendant had performed and was ready and willing to perform all of the terms and conditions of said contract on its part provided. These affirmative allegations of defendant's answer were found to be true by the trial court. In finding XVIII, however, the trial court

found as follows with respect to the fourth count and the answer thereto:

"That the allegations contained in paragraph II of the fourth cause of action, set forth in plaintiff's second amended complaint are true; and in this respect the court finds that by reason of the following clause contained in the said agreement, said agreement was and is illusory, and without mutuality of obligation:

" 'And to maintain said resident during the term of her life in accordance with the rules and regulations of said home as may now or hereafter be established by first party's Board of Directors, this agreement in all respects being subject to the Constitution and By-laws of first party as the same now exist or may be hereafter amended, which said Constitution and By-laws are hereby referred to and made a part of this contract as though set out at length herein.' "

In its conclusions of law, the trial court likewise concluded that the contract "is without mutuality of obligation on the part of the defendant in its essential terms and provisions and is not therefore obligatory upon or of binding force against the plaintiff". Judgment was entered in favor of plaintiff upon said findings of fact and conclusions of law for the sum of $3,130.27, being the sum of $3,500 paid by plaintiff to defendant less the sum of $369.73 which was found by the trial court to be the reasonable value of the services rendered to plaintiff during her residence at the home.

Appellant attacks the last-mentioned findings of fact and conclusions of law and it is apparently conceded by all parties that there is but one main question to be determined on this appeal. Respondent states "The question to be answered on this appeal is: Did the trial court correctly construe and hold that exhibit A is lacking in mutuality, unenforceable, and invalid as a matter of law?" Appellant contends that the trial court erred in this regard and in our opinion this contention must be sustained.

The mere fact that the contract purported to incorporate appellant's constitution and by-laws and its rules and regulations, together with any amendments thereto which might be subsequently made, did not render said contract invalid for lack of mutuality. It is not unusual to find similar provisions in contracts and numerous authorities involving contracts of

this type are cited and discussed in *Bornstein* v. *District Grand Lodge*, 2 Cal. App. 624 [84 Pac. 271]. The rule established by said authorities appears to be that such contracts are not void for lack of mutuality as the right reserved extends merely to the making of reasonable administrative or regulative amendments and does not extend to the making of any amendments which would impair the substance of the contract. This is the reasonable construction and should be adopted as against the unreasonable construction claimed by respondent which would render the contract void. (Civ. Code, sec. 1643; Civ. Code, sec. 3541.) We therefore conclude that the contract in question was a valid contract and that the findings and conclusions of the trial court to the contrary cannot be sustained. It may be stated that there was no evidence to show that any amendment whatever had been made to appellant's constitution, by-laws, rules or regulations after the contract in question had been executed.

Respondent apparently makes the further contention that even if the contract was valid, it was not one which could be specifically enforced and that she therefore had a right to abandon it and recover the consideration paid subject only to a claim by appellant for damages for its breach. It is a sufficient answer to this contention to state that such is not the rule in this jurisdiction. (*Norris* v. *Lilly*, 147 Cal. 754 [82 Pac. 425, 109 Am. St. Rep. 188]; see, also, *Husheon* v. *Kelley*, 162 Cal. 656 [124 Pac. 231].)

The judgment is reversed.

Sturtevant, J., and Goodell, J., *pro tem.*, concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 3, 1938.