[Civ. No. 13257. First Dist., Div. Two. Mar. 11, 1947.]

C. R. MORRIS et al., Appellants, v. RICHARD CLARK MISSIONARY BAPTIST CHURCH (a Religious Corporation) et al., Respondents.

Lawrence Sledge for Appellants.

Hildebrand, Bills & McLeod, and Albert H. Davidson for Respondents.

NOURSE, P. J.—Plaintiffs sued in mandamus to compel their reinstatement as trustees of defendant church. The defendant church alone appeared and filed a cross-petition to compel the deposed trustees to return church books and records in their possession. The trial court entered judgment for defendant on both the petition and cross-petition.

The church was duly organized under the state law in 1913. Its articles of incorporation provide that there shall be seven trustees who shall serve for a term of one year, or until their successors are elected and installed. Thereafter the corporation adopted by-laws providing that there should be nine trustees who shall serve during good behavior. Acting under the by-laws the church at the time this controversy arose was operating with nine trustees. At a meeting of the church members, duly called, they agreed to abide by the articles of incorporation and six of the nine incumbent trustees who had served more than one year were removed and four other members were elected to complete the list of seven, with three of those who had not served one year holding over.

The controversy arises over an incident occurring during a Sunday morning service when the nine trustees were assembled in an anteroom counting the money received in the morning collection. Two of the trustees engaged in a physical encounter during which they fell through the door into the church auditorium, interrupting the pastor's sermon. At the close of the service the pastor referred to the incident and

called a special church meeting of all members for the following Wednesday evening. "His announcement was, 'everybody came out to settle a ruckus.'" At the meeting held pursuant to this call the Sunday morning incident was referred to at length. One of the participants in that affair apologized to the members and his apology was accepted. Plaintiff Morris, another participant, denied any wrong doing and his qualified apology was rejected. Thereupon the pastor announced that he was advised that the articles of incorporation fixing the number of trustees at seven and their period of office at one year were controlling and that six of the present members had served for more than one year. Nominations were then requested for four new trustees. Four persons were suggested by the pastor and, upon motion, were elected by the members by a large majority.

The trustees who were removed from office by that action bring this proceeding in mandamus on the theory that they were entitled to a notice of charges of misconduct and a trial before the church membership on the question of "good behavior." Their case rests on the theory that the by-laws control over the articles of incorporation and that the notice of the special meeting given by the pastor was an insufficient statement of charges for the purpose of removing the trustees. But the issue is broader than that stated by appellants. If the church membership is controlled by the articles of incorporation as to the term of its trustees there were six members of the board whose terms had expired by operation of law—two of whom had been holding office illegally. Then no formal charge of misconduct and no trial were necessary. The trustees were merely holding until their successors were elected and installed.

We are satisfied that the articles controlled and that the election of the new trustees was regular and valid. The church was incorporated under the provisions of sections 593 et seq. of the Civil Code. Section 595(4) provides that the number of trustees shall be stated in the articles of incorporation which shall remain "until changed by an amendment to the articles or by a by-law adopted pursuant to authority contained in the articles." Section 303.4 relating to corporations in general permits a change in the number of directors by an amendment to the by-laws "unless the articles forbid." The trial court found that the articles provide for seven directors to serve for one year or until their successors were elected and

installed. The articles did not authorize the church to change the number or the manner of election through its by-laws, and the appellants do not contend otherwise. Upon the record, the trial court properly made the conclusion of law that the portion of the by-laws providing for nine directors was void. *Bornstein* v. *District Grand Lodge No. 4*, 2 Cal.App. 624, 627-628 [84 P. 271] ; 6a Cal.Jur. p. 319-320 ; 13 Am.Jur. pp. 286, 287.

 Since the church was limited to a board of trustees consisting of seven members the membership was at liberty to elect four new trustees in lieu of those whose terms had expired under the provisions of the articles. To accomplish this purpose it was not necessary to give any reason for a failure to reelect any one of the former trustees who are plaintiffs herein. For this reason it becomes immaterial whether these trustees were properly "removed," informed against, or "fairly tried," upon charges of misconduct. Their terms had expired by operation of law and neither charges nor trial were required.

 The portion of the judgment requiring Morris to return the church records and books to the church authorities is not subject to attack upon any reasonable ground. Even if his removal as trustee had been irregular he was not entitled to refuse to deliver the church records to the proper authorities.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.